1997 ME 172

## D & S PARTNERS

v.

## Arvid G. MAGNO.

Supreme Judicial Court of Maine.

Submitted on Briefs June 23, 1997.

Decided July 24, 1997.

Richard J. Abbondanza, Hopkinson & Abbondanza, P.A., Portland, for plaintiff.

Peter W. Evans, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Arvid G. Magno appeals from the judgment entered in the Superior Court (Cumberland County, *Mills, J.*) in favor of D & S Partners after the entry of a partial summary judgment and a jury-waived trial. D & S brought this action against Magno for foreclosure and for the debt owed on a promissory note arising out of a mortgage on residential property in Portland. Contrary to Magno's contentions, the affirmative defenses set forth in his answer and referenced in his pretrial memorandum did not create disputed issues of material fact, M.R.Civ.P. 56(c), (e); and the court did not err by failing to find that there was an accord and satisfaction between the parties, *see E.S. Herrick Co. v. Maine Wild Blueberry Co.*, 670 A.2d 944, 946 (Me.1996) (unless evidenced by unambiguous writing, existence of an accord and satisfaction is question of fact; accord and satisfaction exists as matter of law only when there is proof that amount is tendered on unambiguous written condition that it be accepted in full settlement of all claims pending between the parties and the claimant accepts payment of the amount tendered).

[¶ 2] Magno argues that because the note and mortgage make no provision for attorney fees, the court erred by awarding such fees to D & S. This argument overlooks the explicit statutory authority for the court to award reasonable attorney fees pursuant to a judicial foreclosure apart from any attorney fee provisions in the note and mortgage. 14 M.R.S.A. § 6101 (Supp.1996) ("For the foreclosure of a mortgage by any method authorized by this chapter, the mortgagee or the person claiming under him may charge a reasonable attorney's fee which shall be a lien on the mortgaged estate, and shall be included with the expense of publication, service and recording in making up the sum to be tendered by the mortgagor or the person claiming under him in order to be entitled to redeem, provided the sum has actually been paid in full or partial discharge of an attorney's fee."); *see* 14 M.R.S.A. § 6321 (Supp. 1996) (authorizing judicial foreclosure).

The entry is:

Judgment affirmed.